UNITED STATES DISTRICT COURT
DISTRICT OF HAWAI`I

| | |
|---|---|
| MICHAEL BOTELHO,<br><br>        Plaintiff,<br><br>  v.<br><br>KIRSTJEN M. NIELSEN, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY;<br><br>        Defendant. | CIV. NO. 18-00032 ACK-RLP |

**ORDER DENYING PLAINTIFF MICHAEL BOTELHO'S MOTION FOR INTERLOCUTORY APPEAL AND STAY PENDING THAT APPEAL**

For the reasons set forth below, the Court DENIES Plaintiff Michael Botelho's Motion for Interlocutory Appeal and Stay Pending that Appeal, ECF No. 33.

**BACKGROUND**

For purposes of this Order, the Court discusses only those facts relevant to Plaintiff Michael Botelho's ("Plaintiff Botelho") Motion for Interlocutory Appeal and Stay Pending that Appeal ("Motion") (styled a "Petition for Permission to File Interlocutory Appeal"). Plaintiff Botelho filed his Motion on March 14, 2019.

On June 1, 2018, Defendant Kirstjen M. Nielsen ("Defendant Nielsen"), Secretary of the United States Department of Homeland Security, filed a Motion for Dismissal or, in the Alternative, for Summary Judgment. ECF No. 15. On November 13,

2018, the Court approved a stipulation withdrawing without prejudice the summary judgment portions of Defendant Nielsen's motion. ECF No. 24. On December 17, 2018, the Court held a hearing on Defendant Nielsen's motion, ECF No. 28, and on December 26, 2018, the Court issued an order granting in part and denying in part that motion ("Partial Dismissal Order"). ECF No. 29.

In its Partial Dismissal Order, the Court found that § 111(d) of the Aviation and Transportation Security Act ("ATSA") preempts the Rehabilitation Act and precludes Transportation Security Administration ("TSA") security screeners from filing suit against the TSA for Rehabilitation Act violations. Partial Dismissal Order at 12-17, 23. The Court therefore held that the preemptive effect of the ATSA divested the Court of subject-matter jurisdiction over Plaintiff Botelho's Rehabilitation Act claims and dismissed them with prejudice. Id. at 20-21, 23. The Court also found that the ATSA did not preempt Title VII and therefore allowed Plaintiff Botelho's Title VII claims under retaliation and hostile work environment theories to proceed. Id. at 21-23.

Following Plaintiff Botelho's filing the instant Motion, Defendant Nielsen filed a Memorandum in Opposition on April 4, 2019. ECF No. 35. Pursuant to Local Rule 7.2(d), the

Court elects to decide Plaintiff Botelho's Motion without a hearing.

**STANDARD**

A "movant seeking an interlocutory appeal [under 28 U.S.C. § 1292(b)] has a heavy burden to show that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (internal quotation marks and citation omitted); see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly[]"); Du Preez v. Banis, No. CIV. 14-00171 LEK-RLP, 2015 WL 857324, at *1 (D. Haw. Feb. 27, 2015) (collecting cases). Certification for interlocutory appeal under § 1292(b) is only appropriate where: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

**DISCUSSION**

Plaintiff Botelho asks the Court to permit him to file an interlocutory appeal under 28 U.S.C. § 1292(b) and to amend its Partial Dismissal Order to state that the necessary

conditions for interlocutory review are met.  Motion at 5.  He also asks for a stay pending the outcome of the appeal.  Id.

**I.  Timeliness**

28 U.S.C. § 1292(b) states that an application for appeal must be filed with the appellate court within ten days of the district court's certification of the order for interlocutory appeal.  "Though there is no specified time limit for seeking certification, § 1292(b) provides for an 'immediate appeal,' and 'a district judge should not grant an inexcusably dilatory request.'"  Spears v. Wash. Mut. Bank FA, No. C-08-868 RMW, 2010 WL 54755, at *1 (N.D. Cal. Jan 8, 2010) (quoting Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc., 202 F.3d 957, 958 (9th Cir. 2000)).

"The ten-day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend.  An amendment that will have the effect of extending the limitation is proper only if there is a reason for the delay."  Weir v. Propst, 915 F.2d 283, 287 (7th Cir.1990); see also Spears, 2010 WL 54755, at *2 (denying § 1292(b) certification where no reason was provided for a two and a half month delay); A.H.D.C. v. City of Fresno, No. CIV F 97–5498 OWW, 2003 WL 25948686, at *5 (E.D.Cal.2003) (dismissing certification requests as untimely because they were not filed within 30 days after the initial order was entered).

Plaintiff Botelho contends that the nearly three-month delay in filing his Motion was due to the lapse in appropriations funding the Department of Justice, which lasted from December 21, 2018 until January 25, 2019.  Motion at 3  During that time, defense counsel was prohibited from working except in an extremely limited capacity.  Id.  On February 20, 2019, the Magistrate Judge approved a stipulation staying all deadlines in the case and allowing Plaintiff Botelho until March 15, 2019 to file the instant Motion.  See ECF No. 31.

Given the government shutdown and the fact that Plaintiff Botelho filed his Motion prior to the March 15, 2019 deadline set by the Magistrate Judge, the Court finds that Plaintiff Botelho's delay in filing the instant Motion is excusable.  Accordingly, the Court will address the statutory requirements for granting a request for interlocutory appeal.

**II. Whether the Partial Dismissal Order Involves a Controlling Question of Law**

A question of law is controlling if the resolution of the issue on appeal could "materially affect the outcome of the litigation in the district court."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981), aff'd sub nom. Ariz. v. Ash Grove Cement Co., 459 U.S. 1190 (1983) (citation omitted).

Plaintiff Botelho characterizes the issue he wishes to appeal as "whether the District Court does, in fact, lack subject matter jurisdiction over Plaintiff's Rehabilitation Act claim." Motion at 4. A more precise recitation of the issue is whether the ATSA preempts the Rehabilitation Act and thus divests federal courts of jurisdiction over Rehabilitation Act claims brought by TSA security screeners against the TSA. This is a question of pure law. See Field v. Napolitano, 663 F.3d 505, 508 and 510 (1st Cir. 2011) (the issue of whether the ATSA precludes a TSA security screener from bringing suit under the Rehabilitation Act is a question of pure law); see also Knee Deep Cattle Co., Inc. v. Bindana Inv. Co. Ltd., 94 F.3d 514, 516 (9th Cir. 1996) ("[t]he existence of subject matter jurisdiction is a question of law").

Accordingly, the Court finds that Plaintiff Botelho seeks to appeal a controlling question of law and that the first requirement of § 1292(b) is met.

**III. Whether a Substantial Ground for Difference of Opinion Exists**

There is a "substantial ground for difference of opinion" if there is a genuine dispute over the question of law that is the subject of the appeal. In re Cement Antitrust Litig., 673 F.2d at 1026. "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts

must examine to what extent the controlling law is unclear." Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals has not spoken on the point." Id. (citation and quotation marks omitted).

Perhaps tellingly, Plaintiff Botelho does not address this requirement of § 1292(b) in his Motion—he has not cited any cases that conflict with the Court's holding regarding the ATSA's preemptive effect on the Rehabilitation Act. As the Court discussed in its Partial Dismissal Order, every court of appeals to address the question has held that the ATSA precludes TSA security screeners from bringing suit under the Rehabilitation Act. See Partial Dismissal Order at 12-13 (citing appellate cases from the First, Third, Seventh, and Eleventh Circuits). The Court was unable to find any district court cases adopting a different position. See id. at 14 (collecting cases). Finally, the Court noted cases from the Second and Federal Circuits holding that the ATSA precludes TSA security screeners from bringing claims against the TSA under other federal laws. See id. at 13.

"A party's strong disagreement with the [c]ourt's ruling is not sufficient for there to be a substantial ground for difference." Couch, 611 F.3d at 633. "While identification

of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement," id. at 633-34 (citing Union Cty. v. Piper Jaffray & Co., 525 F.3d 643, 645-46 (8th Cir. 2008)(per curiam)), here, Plaintiff Botelho has not identified a single authority in conflict with the Court's ruling.

The Court notes, as it did in its Partial Dismissal Order, that courts have dismissed Rehabilitation Act claims brought by TSA security screeners pursuant to either Federal Rule of Civil Procedure 12(b)(1) or Rule 12(b)(6) depending on the type of motion filed by the defendant. Partial Dismissal Order at 20-21. Regardless of whether the defendant filed a Rule 12(b)(1) motion or a Rule 12(b)(6) motion, however, the jurisprudence is unanimous as to the preemptive effect of the ATSA on Rehabilitation Act claims brought by TSA security screeners.

Accordingly, the Court finds that its ruling does not present a legal question on which there is a substantial ground for difference of opinion. See Couch, 611 F.3d at 634 (finding that the district court, having concluded that its ruling did not present a legal question on which there is a substantial ground for difference of opinion, erred in certifying its order for interlocutory review).

**IV. Whether the Proposed Interlocutory Appeal Will Materially Advance the Ultimate Termination of the Litigation**

A district court generally should not permit an interlocutory appeal where doing so would prolong litigation rather than advance its resolution. Fenters v. Yosemite Chevron, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010). District courts within the Ninth Circuit have held that the resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on the controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." See United States v. Adam Bros. Farming, Inc., 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); see also In re Cement Antitrust Litig., 673 F.2d at 1026 (stating that § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").

Plaintiff Botelho argues that granting his Motion would serve the interests of judicial economy because if he prevails on his Title VII claims, only to have the Ninth Circuit reverse the Court's ruling on the Rehabilitation Act claims, the parties and the Court would have to relitigate the same facts under a different statutory framework. Regardless of Plaintiff Botelho's argument, the requirements of § 1292(b) are

conjunctive and the Court has determined that its ruling does not present a legal question on which there is a substantial ground for difference of opinion. Accordingly, the absence of this statutory requirement moots the question of whether interlocutory appeal would materially advance the ultimate termination of the litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff Botelho's Motion is hereby DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, April 8, 2019.

Alan C. Kay
Sr. United States District Judge

Botelho v. Kirstjen M. Nielsen, Civ. No. 18-00032 ACK-RLP, Order Denying Plaintiff Botelho's Motion for Interlocutory Appeal and Stay Pending that Appeal